**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy L. Silver, | No. CV-12-00540-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 20. A response has been filed, Doc. 21, but a reply has not been filed. The Court will grant the motion.

**I.   Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Doc. 1 at 2. That decision became Defendant's final decision when the Appeals Council denied review. *Id.* Plaintiff brought an action for judicial review in this Court pursuant to 42 U.S.C. § 405(g). *Id.* The Court ruled in favor of Plaintiff and remanded the case to Defendant for further proceedings. Doc. 19 at 13.

**II.   Legal Standard**

28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the

position of the United States was substantially justified or that special circumstances made an award unjust." "An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). In the Ninth Circuit, "attorney's fees are to be awarded to a party winning a sentence four remand unless the commissioner shows that his position with respect to the issue on which the district court based its remand was substantially justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002) (internal citations and quotations omitted). The Supreme Court has stated that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988).

**II.    Analysis.**

The ALJ rejected the claim because Plaintiff's impairment was not medically equal to a listed impairment, Plaintiff had the RFC to perform light work, and Plaintiff was capable of adjusting to different work. Doc 19 at 3. In making these findings, the ALJ discredited Plaintiff's subjective testimony, his mother's testimony, and a nurse practitioner's testimony. *Id.* at 3, 6, 11. The Court found that the ALJ failed to present "specific, clear and convincing reasons" to justify finding Plaintiff's testimony not credible. Doc. 19 at 4 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The Court also found that the ALJ did not properly discredit the mother's and nurse practitioner's testimony. Doc. 19 at 6, 11.

**A.    Was Defendant's Position Substantially Justified?**

Defendant argues that an award of attorney's fees should be denied because her position was substantially justified. Doc. 21 at 2. The Court disagrees. Defending "basic and fundamental [procedural] errors" is not substantially justified. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008) (holding the ALJ committed fundamental error by discrediting Claimant's testimony without giving clear and convincing reasons

and that the Commissioner was not substantially justified in defending it); *see also Jager v. Astrue*, 290 Fed.Appx. 27, 28 (9th Cir. 2008).  "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified."  *Shafer*, 518 F.3d at 1071-72 (emphasis original).  A court should not need to speculate as to the reasons the ALJ rejected the claimant's allegations.  *Corbin v. Apfel*, 149 F.3d at 1052 (holding that the Commissioner was not substantially justified in defending an ALJ's decision where he rejected Claimant's testimony without specific findings).

The ALJ in this case committed the same errors as in *Shafer* and *Corbin*.  The ALJ offered only bare assertions as to why Plaintiff's testimony was inconsistent with the RFC.  Doc 19 at 5.  The ALJ did provide a detailed reiteration of the reports and opinions in the record, but failed to offer an analysis on how the record undermined the Plaintiff's credibility.  *Id.*  Just as the Commissioner was not substantially justified in defending the errors in *Shafer* and *Corbin*, Defendant was not substantially justified in defending this case.[1]

### B.    Is the Amount of the Requested Fee Award Reasonable?

Plaintiff's counsel submitted an itemized statement showing 37.7 hours were worked and $350 of costs were incurred.  Doc. 20-1 at 3, 6-7.  Having reviewed counsel's statement and considered the fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983), the Court finds the requested amounts to be reasonable.[2]

**IT IS ORDERED:**

1. Plaintiffs motion for attorney fees (Doc. 20) is **granted**.

---

[1] Whether the Commissioner was substantially justified in defending the ALJ's decision on the mother's and nurse practitioner's testimony will not be reached because this finding is dispositive.

[2] Pursuant to Defendant's argument (Doc. 21 at 10), attorney's fees are to be paid to Plaintiff, not counsel.  *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010).

2. Plaintiff is awarded **$6,948.86** in attorney's fees and **$350.00** in costs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 22nd day of July, 2013.

_____
David G. Campbell
United States District Judge

- 4 -